IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>              v.<br><br>SAMUEL JOHNSON,<br><br>                      Defendant. | CASE NO. 1:11-CR-253 LJO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) (DOC. 53) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

      However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the final Presentence Report recommended a base offense level of 34 pursuant to USSG § 4B1.1, as the defendant was a career offender (due to two prior drug trafficking offenses) and the offense level was greater than the resulting offense level under USSG § 2D1.1.  The career offender guideline is unaffected by the recent drug guideline amendment, and the defendant's offense level remains exactly what it was at the time of sentencing.  Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10 (b)(1).  Accordingly, the defendant may not receive any relief under Section 1B1.10.

The Ninth Circuit has addressed the career offender scenario with regard to a retroactive amendment to the crack guideline, and held that relief was unavailable for this reason.  *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).  Where a defendant is sentenced as a result of a finding that he is a career offender, he is not sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission."

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   **December 22, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

2